IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW HERRON, ET AL., : | CIVIL CASE |
|     Plaintiffs, : | |
|                v. : | |
| : | |
| MORTGAGENOW INCORPORATED, : | |
| ETAL., : | |
|     Defendants. : | NO. 12-3605 |

## MEMORANDUM RE: MOTION TO DISMISS DEFENDANT JAMES MARCHESE'S COUNTERCLAIMS

Baylson, J.                                                                                                                                                March 7, 2013

### I.     Introduction

Plaintiffs Mathew Herron ("Herron"), Doug Hartman ("Hartman"), Michael Bellano ("Bellano"), and Estrelbin Rabii ("Rabii") filed a complaint seeking a collective action against Defendants MortgageNow, Incorporated ("MortgageNOW") and its CEO and majority shareholder, James Marchese ("Marchese"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.1, et seq., and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq.

Defendant Marchese, pro se, brings a number of counterclaims against Plaintiffs and seeks to join eight (8) additional parties as defendants to his claims: Thomas Sirico, Dan Bastowski, Barbara Miller, U.S. Mortgage and its owner Steven Milner, and the law firm Offit Kurman and its attorneys Gary Cutler and Ari Karen.

Plaintiffs and the putative additional defendants ("Movants") seek dismissal of Marchese's counterclaims, arguing that all of Marchese's counterclaims are barred by res judicata based on a ruling in a previous case in New Jersey state court. For the reasons below, the Motion to Dismiss is GRANTED.

## II. Background

Marchese's complaint sets forth sundry of causes of actions, including claims for breaches of contracts, various business torts, and abuses of civil process. The crux of Marchese's allegations is that Bastowski, Bellano, Hartman, Herron, Miller, Rabii and Sirico, all former employees of MortgageNOW, conspired with Milner to pilfer employees, office equipment, and valuable business information from MortgageNOW's Willow Branch office and transfer them to U.S. Mortgage. As a result of the alleged conspiracy, MortgageNOW's Willow Branch office closed – all or most of its employees having allegedly moved to U.S. Mortgage.

Marchese further claims that Offit Kurman, through its attorneys Cutler and Karen, aided the conspiracy by threatening to bring baseless lawsuits against Marchese for the purpose of distracting him from the conspiracy and intimidating him into not filing a lawsuit for claims arising out of the conspiracy.

Marchese ultimately filed an unsuccessful lawsuit in New Jersey state court against three (3) of the four (4) Plaintiffs in the action before this Court and five (5) of the eight (8) parties he seeks to join as defendants to his counterclaims (the "New Jersey Action"). As detailed below, the New Jersey Action was dismissed, because Marchese was suing personally to recover based on MortgageNOW's rights, but lacked standing to do so.

## III. The New Jersey State Court Decision

In the New Jersey Action, Marchese brought claims based on MortgageNOW's rights, asserting that they had been assigned to him. Ruling from the bench, the judge in the New Jersey Action held that MortgageNOW's alleged assignment was invalid, and, therefore, that Marchese lacked standing. (Tr. of Hr'g 38:2-45:3, Aug. 24, 2012 (ECF 35-1).)

The court determined that the assignment of MortgageNOW's rights was governed by New Jersey law, which required dividing Marchese's claims into those sounding in tort and those sounding in contract. For those claims sounding in tort, MortgageNOW's assignment was invalid because such claims are unassignable per se under New Jersey law. (Id. at 38:23-39:9, 43:6-13.) Regarding the contract-based claims, which were not held to be unassignable per se, the court found that MortgageNOW's assignment to Marchese was "not . . . valid . . . and Mortgage Now did not validly assign any of its rights to bring a cause of action to the plaintiff, James Marchese."[1] (Id. at 39:10-40:1, 43:17-44:13.)

## V. Discussion

Marchese's counterclaims must be dismissed because either he fails to allege facts sufficient to satisfy the essential elements of his claims, or his claims are based on MortgageNOW's rights, and MortgageNOW never validly assigned him any of its rights.

### A. Marchese's Claim for Publicity Placing Him in a False Light or Malicious Prosecution Are Legally Deficient.

Marchese alleges that Plaintiffs were involved in threatening him with and instituting their current action against him for improper purposes, and that the suit lacks any legitimate basis. His cause of action is styled "Private Debt in False Light," but also clearly makes allegations consistent with a malicious prosecution claim. However, Marchese fails to allege facts sufficient to satisfy the essential elements of either claim, and they must be dismissed. See Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 350 (3d Cir. 2012) ("A

---

[1] The New Jersey court also ruled in the alternative that the assignments were invalid as champerty under Ohio law.

3

Rule 12(b)(6) motion should be granted when it appears to a certainty that no relief can be granted under any set of facts which could be proved.").[2]

False light claims in both Pennsylvania and New Jersey[3] require "publicity," "that a matter is made public by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." DeBlasio v. Pignoli, 918 A.2d 822, 824 n.3 (Pa. Cmmw. Ct. 2007) (citing Harris by Harris v. Easton Publ'g Co., 483 A.2d 1377 (Pa. Super Ct.1984) (citing Restatement (Second) of Torts § 652D)); Duncan v. Verizon, L-1368-08, 2011 WL 2671825, at *8 (N.J. Super. Ct. App. Div. 2011).[4] Filing a lawsuit, which is the only "publicity" Marchese alleges, is insufficient, by itself, to support his false light claim.

Under both Pennsylvania and New Jersey law, claims based on the institution of civil actions for improper purposes may be maintained only after the allegedly unlawful proceedings "have terminated in favor of the person against whom they are brought." 42 Pa. Conn. Stat. § 8351(a)(2); accord Cruz v. Princeton Ins. Co., 71 Pa. D. & C.4th 256, 261 (Pa. Ct. Com. Pl. 2005); In re Spencer, 2010 WL 1924714, at *13 (N.J. Super. Ct. App. Div. May 7, 2010) (per curiam).[5]

---

[2] "District Court[s] ha[ve] the power to dismiss claims sua sponte under Rule 12(b)(6)." Bintliff-Ritchie v. Am. Reins. Co., 285 F. App'x 940, 943 (3d Cir. 2008) (citing Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980)).

[3] The Court makes no ruling as to whether Pennsylvania or New Jersey law should apply, but notes that the allegedly improper lawsuit was filed in a federal court in Pennsylvania and all other relevant conduct took place in Pennsylvania or New Jersey.

[4] Pennsylvania and New Jersey courts look to the Restatement (Second) of Torts to help define privacy torts. E.g., Krajewski v. Gusoff, 53 A.3d 793, 805 (Pa. Super. Ct. 2012); Duncan, 2011 WL 2671825, at *8 (quoting Romaine v. Kallinger, 537 A.2d 284, 294-95 (N.J. 1988) (quoting Restatement (Second) of Torts § 652E)); Castro v. NYT Television, 851 A.2d 88, 96-97 (N.J. Super. Ct. App. Div. 2004). False light is covered by section 652E of the Restatement, which refers back to section 652D for the definition of "publicity."

[5] Marchese also has no claim for the tort of abuse of process, because under both Pennsylvania and New Jersey law, such claims require illicit conduct after the filing of a lawsuit, and Marchese has pleaded no facts

4

**B.    Only Named Plaintiffs Are "Opposing Parties" Under Rule 13.**

Marchese brings a variety of counterclaims and requests joinder of additional defendants to those claims pursuant to Fed. R. Civ. P. 13. A threshold question regarding his remaining claims is whether any of Marchese's claims are viable against an "opposing party," as required for both compulsory and permissive counterclaims under Rule 13.

The Third Circuit has held that the term "opposing party" should be construed liberally, and includes certain non-parties: "where an unnamed party control[s] the litigation, or where . . . an unnamed party [is] the alter ego of the named party, they should be treated as opposing parties within the meaning of Rule 13." Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 390-91 (3d Cir. 2002). Marchese alleges nothing more than a conspiracy among Plaintiffs and the parties he seeks to join as defendants and joint commission of tortious conduct. This is insufficient to treat the additional parties as "opposing parties" under Rule 13. Accordingly, Marchese may only bring his counterclaims if they are viable as against Plaintiffs.

**C.    Marchese Lacks Standing to Pursue His Other Claims, Because They Are Based on MortgageNOW's Rights.**

The Court's review of Marchese's Complaint and his Response to Movants' Motion to Dismiss establishes he has no standing to bring any of his other claims against Plaintiffs, based in part on collateral estoppel. Despite his arguments to the contrary, Marchese's remaining

---

pertaining to the Plaintiffs' post-filing conduct. Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304 (3d Cir. 2003) ("'[t]he gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it'" (alteration in original, emphasis added) (quoting McGee v. Feege, 535 A.2d 1020, 1023 (Pa. 1987))); McBride v. Stone, Docket No. C-219-04, 2006 WL 1749650, at *6 (N.J. Super. Ct. App. Div. June 28, 2006) ("for the tort of malicious abuse of process, one must prove that the defendant perform further acts after issuance of process 'which represent the perversion or abuse of the legitimate purposes of that process." (emphasis added, citations omitted)).

claims are based entirely on MortgageNOW's rights, and the court in the New Jersey Action previously ruled that the alleged assignment of those rights to Marchese was invalid.

### 1. Marchese Failed to Establish that His Counterclaims Are Distinguishable from His Claims in the New Jersey Action.

Marchese argues that his counterclaims are materially different from his claims in the New Jersey Action because he now:

1. Alleges harm that he suffered directly, and

2. Sues on a contract he calls the "confidentiality and non-circumvent agreement," which was not involved in the New Jersey Action.

For the reasons below, neither of the arguments holds water.

#### a. Marchese Failed to Allege Any Damages He Suffered Directly.

The Court's thorough review of Marchese's filings – even recognizing Marchese's pro se status and liberally construing his pleading, Erickson v. Pardus, 551 U.S. 89, 93 (2007) – revealed that he still attempts to pursue claims based damages suffered by MortgageNOW, and, more importantly, nothing in his current Complaint can reasonably be construed as alleging the he suffered harm directly.

To begin with:

1. Paragraph one of his complaints states that "James marches with rights assigned from [MortgageNOW] seeks to obtain legal relief . . ."; and

2. His Response is abundantly clear that he believes himself entitled to bring claims based on what he acknowledges are damages suffered by MortgageNOW, "Marchese's claims are his own and <u>any rights transferred from MortgageNOW, Inc[.] directly impact his compensation</u> . . . [t]his is not a case of a disinterested party purchasing litigation to harass, but <u>a case of a defendant seeking his rights as well as the rights of the corporation for which he is a majority shareholder</u>. Marchese is the ultimate decision maker in the litigation regardless [of]

whether MortgageNOW, [I]nc[.] brings the claims or Marchese himself. . . . <u>The practical effect of the Court dismissing Marchese's claims will be that the claims will be brought by his co-counsel who represent MortgageNOW, Inc[.]</u> . . ." (Resp. at 3 (emphasis added).)

Further review of Marchese's Complaint reveals a total failure to describe any damages he suffered directly:

1. His factual allegations are almost identical to those in the New Jersey Action, containing only minor and ultimately non-material variations; and

2. He describes the alleged damages for six of the seven causes of action as having been suffered by MortgageNOW – there is no description of the damages for the seventh:

    a. Breach of Fiduciary Duty and Duty of Loyalty: "[<u>MortgageNOW</u>] suffered, and will continue to suffer damages in the amount which exceeds $500,000. Marchese is entitled to have and recover . . . compensatory and punitive damages in addition to fees and expenses of litigation . . .";

    b. Civil Conspiracy: "As a result of [the] Conspiracy, [<u>MortgageNOW</u>], suffered, and will continue to suffer damages in the amount which exceeds $500,000. Marchese is entitled to have and recover for compensatory and punitive damages in addition to fees and expenses of litigation . . .";

    c. Interference with Contractual Business Relationships: "As a result of their breach of duty of loyalty, [<u>MortgageNOW</u>], suffered, and will continue to suffer damages in the amount which exceeds $500,000. Marchese is entitled to have and recover . . . compensatory and punitive damages in addition to fees and expenses of litigation . . .";

    d. Civil Theft, Equitable Fraud: "Defendants' unjustified theft by taking entitles [<u>MortgageNow</u>] to recover special and compensatory damages, in addition to attorney fees and expense of litigation . . .";

7

e. Economic Duress and Conspiracy to Commit: "Defendants['] actions . . . entitle[] [MortgageNOW] to recover an amount in excess of $499,000";

f. Unjust Enrichment: "Defendants' unjust enrichment . . . entitles [MortgageNOW] to recover special and compensatory damages, in addition to attorney fees and expense[s] of litigation . . .";

g. Breach of Contract: No specific damages described.

Marchese attempts to sidestep his failure to describe any damages he suffered directly by arguing that his Complaint should be construed as containing a claim that Plaintiffs stole his personal property. The Court declines to do so, because nothing in his Complaint can be plausibly understood as identifying property that he owned, as opposed to MortgageNOW.

In no fewer than nine paragraphs, Marchese refers to property belonging to MortgageNOW, while the Court found only two instances in which Marchese alleges that he owns any property – and the property he claims to own is apparently the same property that belonged to MortgageNOW. In paragraphs thirty-six and thirty-seven, a section styled "Loan Applicant and [MortgageNOW] Proprietary Information," Marchese alleges that certain information is "highly confidential in the mortgage business [and] has significant economic value to [MortgageNOW]," and then goes on to state that "Marchese is the owner of this property." Marchese also describes the computer system that housed this information as the "Marchese System." (Marchese Compl. ¶ 42.)

However, in Paragraph 17, Marchese alleges that Plaintiffs "conspired and did take proprietary information from [MortgageNOW]." This information is also described as belonging to MortgageNOW in no fewer than five other paragraphs. For example:

1. Paragraph 44(G) alleges that Plaintiffs took "[MortgageNOW] pipelines, office equipment[ – MortgageNOW]-owned chairs, phones, [and] computers with [MortgageNOW] proprietary

8

> information and highly private loan applicant information"; and
>
> 2. Paragraph 66 – part of a claim Marchese styles "civil theft" and "equitable fraud" – alleges that Plaintiffs stole "office equipment as well as leads and applications which had been paid for and processed by [MortgageNOW] . . . . [MortgageNOW] paid for the equipment, leads and applications and they were taken from [MortgageNOW] . . . ."

In sum, even after his defeat in the New Jersey Action, Marchese never altered his causes of action to specifically state that he, as opposed to MortgageNOW, was the direct victim of theft, and he completely fails to clarify what, if any, property he, as opposed to MortgageNOW, allegedly owned. Under these circumstances, it would be unreasonable for the Court to read Marchese's Complaint as claiming theft of his personal property.

### b. Marchese Is Not a Party to the "Confidentiality and Non-circumvent Agreement."

Marchese also asserts that his current claims are materially distinguishable from his claims in the New Jersey Action because he alleges violation of a confidentiality and non-circumvent agreement that was not part of the New Jersey Action. (Resp. at 7.) However, because Marchese has provided no reasonable basis for the Court to conclude that he – as opposed to MortgageNOW – was a party to that agreement, inclusion of claims based on the confidentiality and non-circumvent agreement does not change the fact that Marchese's suit is based on MortgageNOW's rights.

Marchese's factual allegations and information from the New Jersey Action can support only one reasonable conclusion: that the only parties to the confidentiality and non-circumvent agreement were MortgageNOW and U.S. Mortgage.[6] The "Facts" section of Marchese's

---

[6] Marchese's assertion that he is a party to the contract is a legal conclusion entitled to no weight. James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

9

Complaint in this case refers to a confidentiality and non-circumvent agreement between U.S. Mortgage and MortgageNOW, (Marchese Compl. ¶ 16) but makes no reference to Marchese being a party to such an agreement. At a hearing on the record in the New Jersey Action, Marchese specifically mentioned the agreement, asserting assignment of rights under that agreement – and the Court noted that only U.S. Mortgage and MortgageNOW appeared to be parties to the agreement. (Tr. of Hr'g 15:13-16:5, 25:17-19, 27:3-8.) Based on the foregoing, it would be unreasonable for the Court to conclude that Marchese is a party to the agreement.[7]

### 2. Collateral Estoppel Bars Marchese from Relitigating the Validity of MortgageNOW's Assignment of Rights to Him.

Recognizing that Marchese is suing based on MortgageNOW's rights, and that he has failed to allege any facts consistent with his having suffered direct harm, the Court finds that Marchese's only basis for standing is an assignment of rights from MortgageNOW. However, the New Jersey court previously ruled that MortgageNOW's alleged assignment of rights to Marchese was invalid, and Marchese is barred from relitigating the assignment issue against Plaintiffs based on collateral estoppel.

Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of" the states from which they emerged. "Section 1738 has long been

---

[7] Marchese also brings a new cause of action for breach of contract against Rabii based on her employment agreement. The record establishes that the employment agreement Rabii allegedly breached was between MortgageNOW and Rabii, not Marchese and Rabii, because Marchese

1. Clearly alleges that Rabii was employed by MortgageNOW, (E.g., Marchese Compl. at "Parties, Jurisdiction, and Venue" (describing Rabii as a "former [MortgageNOW] employee[]"; id. ¶ 44(B) (describing Rabii as having engaged in a conspiracy "while employed by [MortgageNOW]") and

2. Never alleges that Rabii had an employment contract with him.

Accordingly, any rights under or arising out of Rabii's employment agreement are MortgageNOW's, not Marchese's.

10

understood to encompass the doctrines of issue preclusion." Bostanci v. New Jersey City Univ., 476 F. App'x 499, 502 n.5 (3d Cir. 2012) (citing San Remo Hotel v. City & Cnty. of San Francisco, 545 U.S. 323, 336 (2005)).

Because the judgment was entered in a New Jersey state court, the Court is required to apple New Jersey's preclusion law. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.").

> New Jersey courts apply a five-pronged test to determine whether collateral estoppel should bar relitigation of an issue: (1) the issue must be identical; (2) the issue must have actually been litigated in a prior proceeding; (3) the prior court must have issued a final judgment on the merits; (4) the determination of the issue must have been essential to the prior judgment; and (5) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the earlier proceeding.

Delaware River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002) (citing In re Estate of Dawson, 641 A.2d 1026, 1034-35 (N.J. 1994)).

There is no question that Plaintiffs' use of the New Jersey court decision to prevent relitigation of whether MortgageNOW assigned any of its rights to Marchese meets all of these requirements. The New Jersey Court ruled that MortgageNOW's alleged assignment failed because it purported to assign rights that are unassignable per se or was fundamentally insufficient to meet the requirements for an assignment under New Jersey law. Marchese does not even argue, and nothing in the pleadings or submissions to this Court suggests, that it would be reasonable to conclude that the alleged assignment could be valid as to any of MortgageNOW's rights.

**IV. Conclusion**

For the foregoing reasons, Movant's Motion to Dismiss is GRANTED; Marchese's counterclaims are dismissed as to all Plaintiffs, and, having dismissed the claims as to Plaintiffs, the claims may not be brought as counterclaims under Rule 13. An appropriate Order follows.

O:\CIVIL 12\12-3605 herron v. mortgagenow, et al\12cv3605.Memo re Mot. to Dismiss Counterclaims.docx